# In the United States Court of Federal Claims

|   |   |
|---|---|
| CYNTHIA BRANDT, Individually and as Administrator of the ESTATE OF DAVID M. TAYLOR, | ) ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) ) |

No. 23-1549V
(Filed: November 13, 2025)[*]
Filed under seal: October 27, 2025
Reissued: November 13, 2025

Jonathan M. Ashton, Gallon, Takacs & Boissoneault Co., L.P.A., Maumee, OH, for Petitioner.

Emily M. Hanson, Gabrielle M. Fielding, Heather L. Pearlman, C. Salvatore D'Alessio, and Brett A. Shumate, U.S. Department of Justice, Washington, DC, for Respondent.

## OPINION AND ORDER

**KAPLAN, Judge.**

On September 8, 2023, Petitioner Cynthia Brandt, acting as the Administrator of the Estate of David M. Taylor, filed a Petition for Compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). Pet., ECF No. 1. She alleged a flu vaccine Mr. Taylor received on September 15, 2020 caused him to develop Guillain-Barré syndrome ("GBS"), which resulted in health complications and ultimately caused his death a few months later. Am. Pet. at 2–3, ECF No. 26.

On March 26, 2025, the Secretary of Health and Human Services ("the Secretary") filed an amended Rule 4(c) report conceding Mr. Taylor's Estate was entitled to compensation for the vaccine-related injury he suffered in the last few months of his life. Resp't's Am. R., ECF No. 28. In contrast, the Secretary opposed Petitioner's death benefit claim on the grounds that it was barred by the Vaccine Act's 24-month statute of limitations. Id. at 2 (quoting 42 U.S.C. § 300aa-16(a)(3)).

On July 30, 2025, the Chief Special Master issued an opinion entitled "Ruling on Entitlement and Dismissal of Death Benefit Claim" ("Ruling"). Brandt v. Sec'y of Health & Hum. Servs., No. 23-1549V, 2025 WL 2400956, at *1 (Fed. Cl. July 30, 2025). He determined Mr. Taylor's Estate was entitled to compensation for the injury he suffered that was attributable to GBS during the approximately two-month period between the onset of his symptoms in

---

[*] Pursuant to Vaccine Rule 18(b), the Court initially filed this Opinion under seal on October 27, 2025. The parties were afforded 14 days to propose redactions. Neither party proposed any redactions. The Court, therefore, publicly reissues this Opinion without any redactions.

September 2020 and his death on December 10, 2020. Id. at *3. However, he agreed with the Secretary that the death claim was barred by the Vaccine Act's 24-month statute of limitations. Id. (citing 42 U.S.C. § 300aa-16(a)(3)). The Chief Special Master directed the parties to attempt to informally settle the appropriate award of damages for the injury Mr. Taylor suffered during the relevant two-month period and to report back to him by September 15, 2025. Id. at 5.

In the meantime, on August 26, 2025—before the amount of compensation due for the two-month injury period was resolved—Petitioner filed a Motion for Review with this Court. Mot. for Rev., ECF No. 32. That Motion challenges the Chief Special Master's determination that the death benefit claim was barred by the statute of limitations. See, e.g., id. at 10. It does not address the amount of compensation due for the injury claim. See id. 3–11.[1]

In response, the Secretary filed a document styled "Motion to Dismiss Petitioner's Motion for Review" on September 22, 2025. ECF No. 32. There, the Secretary argues that Petitioner's Motion for Review is premature because the Chief Special Master has not yet issued a reviewable "decision" on the Petition within the meaning of 42 U.S.C. § 300aa-12(d)(3)(A). Id. at 8. No such decision has been issued, the Secretary contends, because the Chief Special Master has not yet determined the amount of compensation due for the two-month injury period. Id.

On October 8, 2025, the Court ordered Ms. Brandt to respond to the Secretary's Motion to Dismiss. Order, ECF No. 36. She filed her Response on October 17, 2025. Resp. to Resp't's Mot. to Dismiss Pet'r's Mot. for Rev., ECF No. 37.

For the reasons set forth below, the Court agrees with the Secretary that Ms. Brandt's Motion for Review is premature and not properly before the Court. Therefore, her Motion for Review is **DENIED** without prejudice, and the case is remanded to the Chief Special Master.

## DISCUSSION

The Vaccine Act provides that "[a] special master to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." 42 U.S.C. § 300aa-12(d)(3)(A). It further states this "decision of the special master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e)." Id. Subsection (e), in turn, outlines the procedures for filing a motion for review of the special master's decision on compensation. Id. § 300aa-12(e).

In this case, Ms. Brandt's Petition for Compensation included two separate claims: (1) a claim seeking compensation for the vaccine-related injury Mr. Taylor suffered from during the last two months of his life and (2) a death benefit claim. Am. Pet. at 3. The Chief Special Master's Ruling disposed of the death benefit claim in its entirety, finding it barred by the statute of limitations. Brandt, 2025 WL 2400956, at *5. But it did not dispose of the entirety of the injury claim. Id. While the Chief Special Master found Mr. Taylor's Estate entitled to compensation for his injury, he did not determine the amount of compensation due. Id.

---

[1] On August 27, 2025, the Chief Special Master entered an order on the docket suspending the deadline for the parties to file a joint status report regarding the appropriate award of damages for the two-month injury period.

Because the Chief Special Master's Ruling decided Petitioner should receive compensation for the injury—but not the amount—the Ruling did not constitute a final "decision on [the] petition [for compensation]" and so was not subject to review by the Court under § 300aa-12(d)(3)(A). See RCFC App. B, Vaccine Rule 10(a) (stating a "decision" of the special master is one "with respect to whether an award of compensation is to be made and, if so, the amount thereof"); see also Bravo v. Sec'y of Health & Hum. Servs., 149 Fed. Cl. 333, 334 (2020) (citing first Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (2010); then J.T. v. Sec'y of the Dep't of Health & Hum. Servs., 125 Fed. Cl. 164, 166 (2016); then Lemire v. Sec'y of Dep't of Health & Hum. Servs., 60 Fed. Cl. 75, 80 (2004); and then Weiss v. Sec'y of Dep't of Health & Hum. Servs., 59 Fed. Cl. 624 (2004)).

Ms. Brandt's arguments to the contrary lack merit. She points out that by dismissing her death benefit claim, "the Chief Special Master not only determined that she was not entitled to compensation, but implicitly ruled on the amount of compensation for that aspect of the claim: nothing." Resp. to Resp't's Mot. to Dismiss Pet'r's Mot. for Rev. at 4. But the relevant statutory language defines a decision as one that addresses all aspects of a petition for compensation, stating that a special master "shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." 42 U.S.C. § 300a-12(d)(3)(A) (emphasis added). This language is best read as defining a "decision" subject to this Court's review as a ruling that determines whether and how much compensation is due for all of the claims set forth in a petition.

In short, the statute does not contemplate piecemeal interlocutory motions for review when a special master rules on some, but not all, claims set forth in a petition for compensation. Therefore, Petitioner's challenge to the Chief Special Master's dismissal of the death benefit claim must await the issuance of a decision by the Chief Special Master determining the amount of compensation due for the Petitioner's injury claim.

## CONCLUSION

For the reasons set forth above, Ms. Brandt's Motion for Review is premature. Ms. Brandt's Motion for Review, ECF No. 32, is **DENIED** without prejudice, and the case is remanded to the Chief Special Master for a final decision, consistent with this Opinion.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan

ELAINE D. KAPLAN

Judge