# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1549V**

|  |  |
|---|---|
| CYNTHIA BRANDT, *individually and as administrator of the estate of* DAVID M. TAYLOR, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br><br> Filed: January 30, 2026 |

*Jonathan Ashton, Gallon, Takacs & Boissoneault Co. L.P.A., Maumee, OH, for Petitioner.*

*Emily Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On September 8, 2023, Cynthia Brandt, as administrator of the estate of David M. Taylor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Mr. Taylor developed Guillain-Barré syndrome ("GBS"), a Vaccine Table Injury, within the Table timeframe following the administration of an influenza ("flu") vaccine on September 15, 2020. Petitioner also alleged that Mr. Taylor's death on December 10, 2020, is a sequela of his GBS. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On July 30, 2025, a Ruling was issued, finding Petitioner entitled to compensation under the Vaccine Act for Mr. Taylor's injury and finding that the statute of limitations precluded entitlement to the death benefit. On January 29, 2026, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $200,000.00 (for Mr. Taylor's past pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Cynthia Brandt, as executor of the estate of David M. Taylor.** Proffer at 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.* at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| CYNTHIA BRANDT, Individually and as Administrator of the Estate of DAVID M. TAYLOR, | ) ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 23-1549V (ECF) Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) ) | |

### PROFFER ON AWARD OF COMPENSATION

On September 8, 2023, Cynthia Brandt, individually and as administrator of the Estate of David M. Taylor,[1] filed a petition alleging that David M. Taylor developed Guillain-Barré syndrome ("GBS"), a Vaccine Table Injury, within the Table time frame following administration of a flu vaccine on September 15, 2020.  Petitioner also alleged that David M. Taylor's death on December 10, 2020, is a sequelae of his GBS.

On March 26, 2025, respondent filed an amended Rule 4(c) Report, conceding that petitioner's claim meets the Table criteria for GBS following flu vaccination, for which she is entitled to compensation for Mr. Taylor's injury.  However, respondent opposed petitioner's entitlement to the $250,000.00 death benefit because the petition was filed more than 24 months after Mr. Taylor's death, and thus not within the Act's statute of limitations for the death claim.

---

[1] Petitioner filed documentation on May 7, 2024, establishing that on July 30, 2021, she was appointed executor of David M. Taylor's Estate under the laws of the State of Ohio.  *See* Exhibit 11.  All references to petitioner herein refer solely to Cynthia Brandt in her representative capacity as the executor of the Estate of David M. Taylor.

On July 30, 2025, the Court issued a Ruling on Entitlement and Dismissal of Death Benefit Claim finding petitioner entitled to compensation under the Vaccine Act for Mr. Taylor's injury and finding that the statute of limitations precluded entitlement to the death benefit.[2]  ECF No. 30.

## I.  Items of Compensation

Based on the evidence of record, respondent proffers that petitioner, as executor of Mr. Taylor's Estate, should be awarded $200,000.00 for Mr. Taylor's past pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).

## II.  Form of the Award/Recommended Payment

Respondent recommends that the compensation provided to petitioner should be made through one lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:

A lump sum payment of **$200,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Cynthia Brandt, as executor of the Estate of David M. Taylor.

Evidence of petitioner's representative capacity is required, and no payments pursuant to this Proffer shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Taylor's estate.[3]  As noted above, n.1,

---

[2] Petitioner has advised that she intends to seek review, pursuant to 42 U.S.C. § 300aa-12(e), of the Chief Special Master's July 30, 2025, Ruling on Entitlement and Dismissal of Death Benefit Claim.

[3] While petitioner has been appointed executor of the estate of Mr. Taylor, if petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

2

Petitioner has provided an Entry Appointing Fiduciary and Letters of Authority establishing her appointment as executor of the estate of David Taylor.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ EMILY M. HANSON
EMILY M. HANSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 430-4802
emily.hanson@usdoj.gov

Dated:  January 29, 2026

3