# In the United States Court of Federal Claims

CYNTHIA BRANDT, Individually and as Administrator of the ESTATE OF DAVID M. TAYLOR,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 23-1549V
(Filed under seal: April 7, 2026
Reissued: May 18, 2026)[*]

Jonathan M. Ashton, Gallon, Takacs & Boissoneault Co., L.P.A., Maumee, OH, for Petitioner.

Emily M. Hanson, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washinton, DC, with whom were Gabrielle M. Fielding, Assistant Director, Heather L. Pearlman, Deputy Director, Jonathan D. Guynn, Acting Director, and Brett A. Shumate, Assistant Attorney General, for Respondent.

## OPINION AND ORDER

**KAPLAN, Judge.**

This case arises out of a Petition for Compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), filed by Petitioner Cynthia Brandt, the administrator of the estate of David M. Taylor. She alleges that Mr. Taylor developed Guillain-Barré syndrome ("GBS") as a result of a flu vaccine he received on September 15, 2020. Further, she claims that GBS aggravated preexisting conditions, ultimately causing his death a few months later on December 10, 2020. Am. Pet. for Vaccine Comp. ¶¶ 9–10, ECF No. 26 [hereinafter Am. Pet.].

On July 30, 2025, Chief Special Master Brian Corcoran issued a Ruling on Entitlement and Dismissal of Death Benefit Claim. Brandt v. Sec'y of Health & Hum. Servs., No. 23-1549V, 2025 WL 2400956, at *1 (Fed. Cl. July 30, 2025) [hereinafter Brandt I], review denied, 179 Fed. Cl. 72 (2025). Consistent with the Secretary's position, the Chief Special Master found the estate was entitled to compensation for Mr. Tayor's GBS injury claim. Id. at *3; see 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15). However, the Chief Special Master dismissed Petitioner's death

---

[*] Pursuant to Vaccine Rule 18(b), the Court initially filed this Opinion and Order under seal on April 7, 2026. The parties were afforded 14 days to propose redactions. Neither party proposed any redactions. The Court, therefore, publicly reissues this Opinion and Order without any redactions.

claim, holding that it was untimely under Section 16(a)(3) of the Vaccine Act because it was not filed within 24 months of Mr. Taylor's death. Brandt I, 2025 WL 2400956, at *5.

On February 23, 2026, Petitioner filed the present Motion for Review challenging the Chief Special Master's dismissal of the death benefits claim.[1] Pet'r's Mot. for Rev., ECF No. 45. The Secretary filed his Response on March 24, 2026. Resp't's Resp. to Pet'r's Mot. for Rev., ECF No. 46.

The Court has determined that oral argument on the Motion is unnecessary. For the reasons set forth below, the Court agrees that Petitioner's death benefit claim was not timely filed. Therefore, Petitioner's Motion for Review, ECF No. 45, is **DENIED**.

## BACKGROUND

### I.    Mr. Taylor's Illness and Death

The material facts of this case are not in dispute and are summarized in the Chief Special Master's Ruling. To briefly recapitulate, on September 15, 2020, Mr. Taylor received a flu vaccine during a visit to his cardiologist. Brandt I, 2025 WL 2400956, at *1 (citing Ex. 7, at 89–92, ECF No. 1-9). At the time, he was seventy-nine years old and suffered from a variety of ailments, including hypertension, chronic obstructive pulmonary disease, premature ventricular contractions, and peripheral vascular disease. Id. (citing Ex. 7, at 89).

On September 25, 2020, approximately ten days after receiving the vaccine, Mr. Taylor developed "rapid onset weakness and numbness in all extremities limiting his ability to ambulate." Id. (quoting Ex. 2, at 255, ECF 1-4). The next day, he was admitted to University Hospitals Cleveland Medical Center "due to concern for GBS," a diagnosis that was later confirmed. Id. (citing Ex. 2, at 255, 646).

In the hospital, Mr. Taylor's condition deteriorated. He was diagnosed with pneumonia, heart failure, gastrointestinal bleeding, and respiratory failure and underwent a tracheostomy. Id. at *2. Over the next two months, Mr. Taylor was inpatient at several hospitals and long-term care facilities. Id. He entered inpatient hospice on December 8, 2020 and passed away on December 10. Id. (citing Ex. 6, at 128–29, 12–13, ECF No. 1-8). Petitioner alleges Mr. Taylor's vaccine-induced GBS significantly aggravated underlying and preexisting medical conditions, causing his death. Id. at *3 (citing Am. Pet. at 1, ¶ 15).

---

[1] Petitioner filed a previous Motion for Review challenging the Chief Special Master's dismissal of the death benefit claim on August 26, 2025. ECF No. 32. On October 27, 2025, the Court denied that Motion without prejudice. Brandt v. Sec'y of Health & Hum. Servs., 179 Fed. Cl. 72, 73 (2025) [hereinafter Brandt II]. That Motion was premature because the Chief Special Master had not yet issued a final decision on the Petition for Compensation. Id. at 74–75. The Chief Special Master issued a Decision on Damages on January 30, 2026, rendering the present Motion for Review ripe. Brandt v. Sec'y of Health and Hum. Servs., No. 23-1549V, 2026 WL 852262, at *1–2 (Fed. Cl. Jan. 30, 2026) [hereinafter Brandt III].

## II.     Relevant Procedural Background

As noted above, Ms. Brandt filed a Petition for Compensation on behalf of Mr. Taylor's estate on September 8, 2023. Pet. for Vaccine Comp., ECF No. 1. She then amended her Petition on March 10, 2025 "to clarify that the death claim is based on significant aggravation as described in [Section] 16(a)(3)." Brandt I, 2025 WL 2400956, at *1 (alteration in original) (quoting Pet'r's Status Report & Unopposed Mot. for Leave to File Am. Pet. at 2, ECF No. 24).

The Chief Special Master rejected Petitioner's interpretation of Section 16(a)(3) in his July 30, 2025 Ruling. He dismissed her death claim as untimely because it was filed more than 24 months after Mr. Taylor's death. Id. at *4–5. The Chief Special Master issued a final Decision on Damages on January 30, 2026. Brandt III, 2026 WL 852262, at *1–2.

## DISCUSSION

## I.     Jurisdiction and Standard of Review

Congress established the National Vaccine Injury Compensation Program in 1986 to provide a no-fault compensation system for vaccine-related injuries and deaths. Figueroa v. Sec'y of Health & Hum. Servs., 715 F.3d 1314, 1317 (Fed. Cir. 2013); see also 42 U.S.C. §§ 300aa–10 to –34. The Act is "[r]emedial legislation" that "should be construed in a manner that effectuates its underlying spirit and purpose." Figueroa, 715 F.3d at 1317 (alteration in original) (citing Cloer v. Sec'y of Health & Hum. Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012)).

A petition seeking compensation under the Vaccine Act must be filed in the Court of Federal Claims, after which the Clerk of the Court forwards it to the Office of Special Masters for assignment. 42 U.S.C. § 300aa–11(a)(1). The assigned special master "issue[s] decision on such petition with respect to whether compensation is to be provided under the [Vaccine Act] and the amount of such compensation." Id. § 300aa-12(d)(3)(A).

The Vaccine Act grants the Court of Federal Claims jurisdiction to review the decisions of special masters. Id. § 300aa-12(e). The Court reviews a special master's legal determinations de novo, applying the "not in accordance with law" standard. Moberly v. Sec'y of Health & Hum. Servs., 592 F.3d 1315, 1321 (Fed. Cir. 2010) (quoting Munn v. Sec'y of Health & Hum. Servs., 970 F.2d 863, 870 n.10 (Fed. Cir. 1992)). Review of a special master's factual determinations, on the other hand, is circumscribed. Such determinations will be set aside only if they are arbitrary, capricious, and/or an abuse of discretion. Id.

## II.     Merits

The issue before the Court is a purely legal one: whether Petitioner's death benefit claim was untimely under the Vaccine Act because it was not filed within 24 months of Mr. Taylor's death. The Court begins with the plain language of the statute, which states:

> In the case of . . . a vaccine set forth in the Vaccine Injury Table which is administered after October 1, 1988, if a death occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such death after the expiration of 24 months from the date of the death and no such petition may be filed more than 48 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of the injury from which the death resulted.

3

42 U.S.C. § 300aa-16(a)(3). Petitioner claims the administration of the flu vaccine, which is set forth in the Vaccine Injury Table, resulted in Mr. Taylor's death.

The plain language of the Vaccine Act clearly provides both that a petitioner may not file a death claim more than 24 months after the date of the death "<u>and</u>" that she may not file such a claim more than 48 months after either (1) the occurrence of the first symptom or the manifestation of onset or (2) the significant aggravation of the injury. <u>Id.</u> (emphasis added). In this case, Ms. Brandt filed her Petition on September 8, 2023—33 months after Mr. Taylor's death in December 2020. The 24-month statutory filing period ended in December 2022. The Petition, therefore, was untimely filed.

Petitioner contends, nonetheless, that even where a death benefit claim is filed more than 24 months after the date of death, it may still be considered timely if filed no more than "48 months after the date of the occurrence of the first symptom or manifestation of onset <u>or</u> of the significant aggravation of the injury from which the death resulted." Pet'r's Mot. for Rev. at 4 (quoting 42 U.S.C. § 300aa-16(a)(3)). In other words, under Petitioner's theory, the death claim was timely because it was filed on September 8, 2023, which is less than 48 months after September 2020 when Mr. Taylor developed the GBS that allegedly significantly aggravated his preexisting conditions.

Petitioner's argument is inconsistent with the statutory language. The second independent clause of Section 16(a)(3) is connected by an "and," which is a coordinating conjunction. 42 U.S.C. § 300aa-16(a)(3) ("<u>[A]nd</u> no such petition may be filed more than 48 months after" the injury's "significant aggravation." (emphasis added)). By employing the conjunction "and," the second clause of Section 16(a)(3) imposed an <u>additional</u> limitation on when a petition may be filed—not an <u>alternative</u> one. Accordingly, for a claim of death resulting from a vaccine to be considered timely, it must have been filed within both limitations periods. <u>See, e.g.</u>, <u>Griglock v. Sec'y of Health & Hum. Servs.</u>, 687 F.3d 1371, 1376 (Fed. Cir. 2012) (explaining petitioner's death claim filing satisfied both timing requirements under Section 16(a)(3)); <u>Zatuchni v. Sec'y of Health & Hum. Servs.</u>, 516 F.3d 1312, 1317 (Fed. Cir. 2008) ("'[I]f a death occurred,' a petition must be filed within 24 months of the death and no more than 48 months after the onset of symptoms." (quoting 42 U.S.C. § 300aa-16(a)(2)–(3))).

Here, Mr. Taylor's flu vaccine caused him to develop GBS, resulting in a significant aggravation of his condition that led to his death. To bring a timely death claim, his estate needed to file its petition (1) within 24 months of his death <u>and</u> (2) within 48 months of the onset or manifestation of his first GBS symptom or significant aggravation of his preexisting injuries.

Petitioner's argument to the contrary begins with the unobjectionable proposition that "the use of the word 'and' in this context is conjunctive," and so it "demonstrates that there is a 24-month statute of limitations and a 48[-month] maximum window of time for death that results as a direct cause of the vaccine." Pet'r's Mot. for Rev. at 4. Petitioner's argument goes astray, however, when she turns to the Act's use of the word "or" within the second clause of Section 16(a)(3). <u>See</u> 42 U.S.C. § 300aa-16(a)(3) ("[A]nd no such petition may be filed more than 48 months after the date of the occurrence of the first symptom or manifestation of onset <u>or</u> of the significant aggravation of the injury from which the death resulted.") (emphasis added). According to Petitioner, the use of what she characterizes as the "disjunctive" "or" within Section 16(a)(3)'s second clause "indicates a separation from the previous conjunctive 'and.'" She then reasons that "[t]his would indicate that there are two different time periods in which to

file a death claim: 1) 24 months from date of death from direct causation and no more than 48 months after the first manifestation of symptoms; or 2) no more than 48 months after the significant aggravation of an injury." Pet'r's Mot. for Rev. at 4.

The Court has difficulty making sense of this argument. The first independent clause of Section 16(a)(3) establishes a 24-month limitations period that is applicable to all petitions for compensation that are based on a vaccine-caused death. The second independent clause states that, in addition (i.e. "and"), "no such petition" (i.e. no petition for compensation based on a vaccine-caused death) may be filed more than 48 months after the dates of one of two potential triggering events: (1) "the date of the occurrence of the first symptom or manifestation of onset or [(2)] of the significant aggravation of the injury from which the death resulted." 42 U.S.C. § 300aa-16(a)(3) (emphasis added). Contrary to Petitioner's argument, the "or" here is not disjunctive: it is a coordinating conjunction. See Conjunction, Merriam-Webster, https://www.merriam-webster.com/dictionary/conjunction (last visited April. 6, 2026) ("A coordinating conjunction connects words, phrases, and clauses of equal importance. The main coordinating conjunctions are and, or, and but."); see also Pulsifer v. United States, 601 U.S. 124, 151 (2024) ("[C]onjunctions are versatile words, which can work differently depending on context."). The thrust of Section 16(a)(3)'s is that a petition cannot be filed more than 48 months after the date of the occurrence of the first symptom or manifestation of onset and that it also cannot be filed more than 48 months after the significant aggravation of the injury from which the death resulted.

The Court has considered Petitioner's remaining arguments and finds them without merit. Petitioner's contention that the 24-month limitation period is inapplicable where the vaccine-related death is the result of the significant aggravation of an individual's pre-existing conditions is inconsistent with the statutory language and the rules of grammar. Her Motion for Review must therefore be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion for Review, ECF No. 45, is **DENIED** and the decision of the Chief Special Master is **SUSTAINED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge